# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | 2:05-cr-00319-RCJ-PAL-1 |
| JEREMY JERMAIN SUGGS, | ) ) | **ORDER** |
| Defendant. | ) ) ) | |

A grand jury indicted Defendant Jeremy Suggs of armed bank robbery in violation of 18 U.S.C. § 2113 and possession of a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(i). (*See* Indictment, ECF No. 1). Defendant pleaded guilty to both counts, and on March 5, 2007 the Court sentenced him to consecutive 125- and 120-month terms of imprisonment, to be followed by consecutive five- and three-year terms of supervised release. (*See* J. 1–3, ECF No. 36). The Court of Appeals affirmed the reasonableness of the sentence but reversed for reentry of judgment with the terms of supervised release to run concurrently. The Court entered the Amended Judgment on March 19, 2008. (*See* Am. J. 13, ECF No. 51). Plaintiff has now asked the Court to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. The motion is statutorily timely.

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of . . . the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review . . . .

28 U.S.C. § 2255(f), (f)(3). Defendant filed the motion on May 13, 2016, which is within one

year of June 26, 2015, the date on which the Supreme Court announced the rule of *Johnson v. United States*, 135 S. Ct. 2551 (2015) upon which Defendant relies.  The Supreme Court has made *Johnson* retroactive on collateral review. *See Welch v. United States*, 136 S. Ct. 1257, 1268 (2016).

But even assuming for the sake of argument that the claim is not procedurally defaulted—which it almost certainly is based on Defendant's failure to raise the vagueness issue in the trial court or on appeal—the claim is without merit.  Defendant does not allege he was sentenced as a violent career criminal under the now-void residual clause of 18 U.S.C. § 924(e)(2)(B), *see Johnson*, 135 S. Ct. at 2563, but that his conviction for possession of a firearm during and in relation to a crime of violence under § 924(c)(1)(A) was entirely void because the predicate crime of armed bank robbery under § 2113 was not a "crime of violence" under § 924(c)(3).

*Johnson* is no aid to Defendant here.  First, *Johnson* invalidated the residual clause of § 924(e)(2)(B) defining prior violent felonies, not the residual clause of § 924(c)(3)(B) defining crimes of violence.  Those clauses are similar, but not identical.  Second, even assuming for the sake of argument that the residual clause under § 924(c)(3)(B) is likewise unconstitutionally vague,[1] Defendant was not convicted based on that clause but rather the physical-force clause of § 924(c)(3)(A), which the Court of Appeals has ruled includes bank robbery as a predicate offense. *United States v. Wright*, 215 F.3d 1020, 1028 (9th Cir. 2000) ("Armed bank robbery qualifies as a crime of violence because one of the elements of the offense is a taking 'by force and violence, or by intimidation.'" (quoting 18 U.S.C. § 2113(a)).

---

[1]The only court of appeals to rule on the issue to date has rejected such an argument, *see United States v. Taylor*, 814 F.3d 340, 375–79 (6th Cir. 2016), although the Court of Appeals has invalided a different statute with language identical to § 924(c)(3)(B) in light of *Johnson*, *see Dimaya v. Lynch*, 803 F.3d 1110, 1120 (9th Cir. 2015).

**CONCLUSION**

IT IS HEREBY ORDERED that the Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 (ECF No. 55) and the Motion to Appoint Counsel (ECF No. 56) are DENIED.

IT IS FURTHER ORDERED that a certificate of appealability is DENIED.

IT IS SO ORDERED.

DATED: This 7th day of June, 2016.

_____
ROBERT C. JONES
United States District Judge